UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 2 2 2010

U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal Action No. 93-315-01(RCL) |
| v. ) | |
| ) | |
| KEITH LAMONT DUNN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. INTRODUCTION

Defendant Keith L. Dunn's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines is before this Court. Upon consideration of the motion, the Government's response to the motion, the defendant's reply, the applicable law, and the entire record herein, the motion will be GRANTED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In July, 1993, Dunn was arrested in connection with a murder and was subsequently found guilty of Second Degree Murder While Armed in D.C. Superior Court. Shortly after his arrest in his Superior Court case, he and two co-defendants were charged in the instant case. On March 17, 1994, a jury rendered a verdict of guilty against Dunn for the Unlawful Use of a Communications Facility, in violation of 21 U.S.C. § 843(b), and the Unlawful Distribution of 5 Grams or More of Cocaine Base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). On March 6, 1995, in his Superior Court case, Dunn was sentenced to 15 to 45 years incarceration. On January 5, 1996, the Court sentenced Dunn to a term of 151 months of incarceration in the instant case, with all but 60 months to be served concurrent with his Superior Court sentence. This sentence was based

on a finding that the applicable sentencing range under the United States Sentencing Guidelines was 121 to 151 months, given defendant's criminal history category of I and offense level of 32.

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to provide for a two level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On May 2, 2008, the defendant filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 and the amendments to the Guidelines. Dunn obtained counsel and filed another Motion to Reduce Sentence on November 17, 2008. Defendant asks this Court to depart from the revised guidelines pursuant to the factors set forth in U.S.C. § 3553(a). For the reasons that follow, defendant's motion to reduce sentence will be granted but not below the revised guidelines range as requested.

### III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not ordinarily modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction and both parties agree that Amendment 706

applies in this case. However, the Court's power to reduce sentence is discretionary. In evaluating a §3582(c)(2) motion the district court must determine "the amended guidelines range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . ." U.S.S.G. § 1B.10(b). Additionally, the court must consider the factors listed in § 3553(a).

In determining a sentence that is "sufficient, but not greater than necessary" to fulfill these penological objectives, a court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the penological purposes stated above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any applicable Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Further, U.S.S.G. § 1B1.10 comment., n.1(B)(ii) directs the district court, when considering a sentence reduction as a result of an amended guideline, to "consider the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment." Additionally, the district court is allowed to consider post-sentencing conduct when determining whether-and to what extent-a reduction is warranted. U.S.S.G. § 1B1.10 comment., n.1(B)(ii). All original sentencing determinations are to remain unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. See U.S.S.G. § 1B1.10, comment. n.2.

The government argues against any reduction in Dunn's sentence based on public safety grounds. Specifically, the government emphasizes the defendant's post-sentencing disciplinary

3

infractions, including "fighting with another person" and "assault without serious injury." The defendant argues that he has taken steps to rehabilitate himself and that the government "grossly highlights the nature of the institutional violations and completely ignores the context in which they occurred." Specifically, the defendant highlights the fact that the "only serious" disciplinary incident occurred in 2001.

While the Court recognizes the defendant's misconduct at the federal institution at which he is serving his sentence, the Court also notes the rehabilitative developments that the defendant has made while incarcerated. Since his imprisonment, the defendant has enrolled in GED courses for several years and has participated in numerous programs, including vocational training programs. Reducing the defendant's sentence furthers the policy objectives to be achieved through federal sentencing, namely to "promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Further, the sentencing scheme seeks to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). Therefore, the Court agrees with the defendant that a reduction in his sentence serves each of these policies.

The applicable amended sentencing range, taking into account the two-point reduction in his offense level, is 97 to 121 months, given defendant's criminal history category of I and offense level of 30. At his sentencing in 1996, the Court sentenced Dunn at the highest end of the guideline range based on the seriousness of the offense and this Court finds that a reasonable determination. Therefore, defendant's motion to reduce his sentence pursuant to § 3582 will be granted and defendant will be sentenced to a term of 121 months incarceration with all other judgments of the original sentence imposed to remain as ordered, including the provision that all but 60 months shall

be served concurrent with his Superior Court sentence

## IV.     CONCLUSION

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the factors it spells out. The Court concludes that a reduction to a term of 121 months incarceration is sufficient to reflect the seriousness of the offense and provides just punishment. Accordingly, the defendant's motion to reduce sentence will be granted and the defendant's previously imposed sentence of imprisonment of 151 months is reduced to 121 months.

A separate order shall issue this date.

_____          _1/21/10_____
Chief Judge Royce C. Lamberth                         Date