# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | Criminal Action No. 93-315-01(RCL) |
| v. ) | |
| ) | |
| KEITH LAMONT DUNN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On January 5, 1996, the Court sentenced Dunn to a term of 151 months of incarceration with all but 60 months to run concurrent with a Superior Court case sentence. On January 21, 2010, the Court granted [Dkt. 242] defendant's Motion to Reduce Sentence based on the retroactive changes to the crack cocaine Sentencing Guidelines. The Court reduced Dunn's sentence from a term of 151 months of incarceration to a term of 121 months pursuant to 18 U.S.C. § 3582(c)(2). On March 9, 2010, Dunn requested clarification [Dkt. 244] regarding the sentence reduction because, according to the Bureau of Prisons, Dunn was released on parole in his Superior Court case on November 20, 2009 and is currently serving the consecutive 60 month portion of his sentence in the instant case. As a result, Dunn's projected release date remains at 60 months from November 20, 2009, minus good time credits and he is therefore unable to benefit from the January 2010 reduction in his sentence.

The Court instructed the parties to submit any appropriate motions regarding Dunn's request for clarification. In response to the Court's March 9, 2010 order [Dkt. 243] directing the parties to file any appropriate motions, Dunn now requests this court to amend its January 21, 2010 Order [Dkt. 246]. Dunn asserts that "[b]ecause the Court could not reduce a sentence that

1

was already completed and Mr. Dunn has completed the concurrent portion of this sentence at the time the sentence was reduced, the 30 month reduction in his sentence must be taken from the consecutive portion of his sentence." (Response to Order ¶ 3.) In other words, Dunn claims that the Bureau of Prisons has "executed the Court's January 2[1], 2010 Order in a manner that violates § 1B1.10(b)(2)(c) by reducing the already served concurrent portion of the sentence, rather than the 60 months consecutive portion of the sentence." Dunn asserts that the Court has the authority to "decide whether federal prison terms should run concurrently with or consecutively to other prison sentences" based on 18 U.S.C. § 3584(a). (Response to Order ¶ 5.) According to Dunn, by its clear language, § 3584 applies to "any imposition of a term of imprisonment, not only imposition of an initial sentence." *Id.*

Unfortunately for the defendant, this Court does not have the authority to change the original terms of the judgment to require all but 30 months to be served consecutively to the Superior Court case. Section 3582(c) provides "a circumscribed opportunity for district courts to give sentencing relief when the Sentencing Guidelines are changed." *United States v. Lafayette*, 585 F.3d 435, 438 (D.C. Cir. 2009). A defendant's opportunity "to file under this exception to the usual finality of sentencing decisions is triggered only by a Guidelines amendment," as is the case in the instant case. *Id.* However, this Circuit has held that "it would be quite incongruous . . . if section 3582(c)(2) provided an avenue for sentencing adjustments wholly unrelated to such an amendment." *Id.*

Sentencing Commission policy statements impose a limit to district courts' discretion in § 3582(c)(2) sentencing reductions. Specifically, sentence reductions pursuant to § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Emphasizing the limited nature of the section 3582(c)(2) remedy, the Guidelines direct that "[i]n making such

2

determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced and shall leave all other guidelines application decisions unaffected." *Id.* § 1B1.10(b)(1). Additionally, § 3584(a), which gives district courts the authority to decide whether the *imposition* of a term of imprisonment should run concurrently with or consecutively to other prison sentences, is of no avail to the defendant. Section 3582(c)(2) authorizes the "modification of an imposed term of imprisonment," not the "imposition" of a sentence. Indeed, a similar argument was rejected in *Lafayette*, where the court stated that "whatever verb one uses to describe [the sentence reduction pursuant to §3582(c)(2)], the court did not start from scratch." *Lafayette*, 585 F.3d at 438.

The authority defendant cites in support of the proposition that this court has authority to alter the provisions of the original judgment and commitment order is unpersuasive. Defendant has provided authority that a majority of circuits have held that §3584(a) applies to sentences imposed following violations of supervised release, which is not the case here. While there is nothing in § 3584(a) that precludes application in the context of a re-sentencing, as discussed above, the plain language of 3582(c)(2) prohibits the court from altering the provisions of the original judgment. *See U.S. v. Strothers*, 172 F.3d 922 (table) (D.C. Cir. 1998) (District court's resentencing authority from § 3582 limited to only what the statute authorizes: reduction of the sentence in accord with the guideline amendment); *Traynor v. Federal Bureau of Prisons*, 131 F.3d 152 (Table) (10th Cir. 1997) ("[T]he court has no authority to modify [defendant's] sentence retroactively to make it run concurrent to the state sentence he is currently serving.").

The decision of the Court is in accord with the Eighth Circuit case of *United States v. Harris*, 574 F.3d 971 (8th Cir. 2009). In *Harris*, the defendant filed a motion for reduction of

sentence and argued that the district court had authority to make his federal sentence consecutive to a state sentence. The Eighth Circuit agreed with the district court that it lacked the authority to revisit the consecutive versus concurrent sentencing decision. *Id.* at 972. The court held that proceedings under § 3582(c)(2) are "not a do-over of an original sentencing proceeding." *Id.* In particular, the court noted that while some of the same factors in a sentence reduction "may inform a judge's original decision to make a sentence consecutive . . . such a decision is not reopened pursuant to § 3582(c)(2)." *Id.* at 973.

For the forgoing reasons, the Court DENIES defendant's request [Dkt. 246] to amend its January 21, 2010 Order.

_____          4/20/10
Chief Judge Royce C. Lamberth          Date