UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KEITH LAMONT DUNN, )<br>)<br>Defendant. )<br>_____ ) | Criminal No. 93-315-1 (RCL)<br><br>**FILED**<br>APR 1 8 2012<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

<u>**MEMORANDUM OPINION**</u>

Before the Court is defendant Keith Lamont Dunn's motion to reduce sentence [260] [262] under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines. Also before the Court is a letter sent by the defendant directly to chambers dated January 30, 2012. The Court will order the letter filed on the public record. Upon consideration of the motion, the government's opposition [265], the memorandum of the U.S. Probation Office [263], the defendant's letter, the applicable law, and the entire record herein, the Court will grant the motion and resentence the defendant to a term of imprisonment of 78 months.

I. <u>**BACKGROUND**</u>

The defendant was convicted following a jury trial on one count of unlawful use of a communications facility in violation of 21 U.S.C. § 843(b) and one count of distribution of 5 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). This Court sentenced the defendant to a term of imprisonment of 151 months on January 5, 1996. The defendant had previously been sentenced in D.C. Superior Court to a term of imprisonment of 15 to 45 years following his conviction for second degree murder while

armed. This Court ran the defendant's sentence concurrent to the Superior Court sentence, with the exception of 60 months to run consecutive.

The defendant filed his first motion for a sentence reduction pursuant to § 3582(c)(2) on May 2, 2008 and supplemented it November 17, 2008 after the United States Sentencing Commission promulgated a retroactive amendment lowering the guidelines ranges for crack cocaine offenses, *see* U.S.S.G. App. C., Amend. 706, 713 (Supp. 2008). The government opposed the motion, primarily on the basis that the defendant's history of disciplinary infractions while incarcerated demonstrated that he remained a threat to public safety such that a sentence reduction was unwarranted. The Court recognized the defendant's misconduct but also noted his rehabilitative developments while in prison, including GED and vocational training programs. Accordingly, the Court determined that a reduction would be appropriate and reduced his sentence to a term of imprisonment of 121 months, including the provision that all but 60 months of which were to be served concurrently with the Superior Court sentence, on January 22, 2010. The defendant was released on parole in the Superior Court matter on November 29, 2009. He is currently serving the consecutive 60 months portion of his sentence in the instant case, and his projected release date remains November 29, 2014, minus good time credits.[1]

The United States Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guideline ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750 (Supp. 2011). The amendment became effective on November 1, 2011. The Commission voted to give that change retroactive effect on June 30, 2011. The defendant accordingly filed the instant motion to reduce his sentence pursuant to the amendment and to 18 U.S.C. § 3582(c)(2).

---

[1] In anticipation of which the U.S. Probation Office projects the defendant's release date as March 29, 2014.

2

The defendant requests a reduction to a term of imprisonment of 78 months, which he argues would render an effective sentence of time served.[2] The defendant asserts that the newly appropriate range is 63 months to 78 months, based on a total offense level of 26 and a criminal history category I. The new range would render the defendant eligible for a reduction of between 43 and 58 months. The U.S. Probation Office, the government and the Court agree with these calculations.

## II.   DISCUSSION

A district court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant and the government agree that Amendment 750 lowers the sentencing range upon which the defendant's sentence was based, and that the Court is thus empowered to reduce the

---

[2] The defendant in his motion notes that his projected release date is March 29, 2014. He thus postulates that the maximum possible reduction would be approximately 24 months (the length of time between the date of the issuance of this order and his projected release date), and that resentencing the defendant to a term of imprisonment at the high end of the newly applicable guidelines range (a reduction of 43 months) would render a sentence of time served.

However, as discussed above, the Court's original judgment dictated that 60 months of the defendant's sentence in the instant case be served consecutive to the Superior Court sentence. The letter sent by the defendant requests that the Court reduce that 60-month consecutive portion of his sentence. But, as explained in the Court's order of April 20, 2010, § 3582(c)(2) does not give the Court authority to alter that requirement. Any reduction in this case would have to maintain the requirement that 60 months of the newly imposed sentence be served consecutive to the Superior Court sentence, and therefore a sentence even at the high end of the newly applicable guidelines range would not result in a sentence of time served.

defendant's sentence under § 3582(c)(2). However, the government argues that the Court should exercise its discretion and decline to reduce the sentence because of public safety considerations.

Before granting a motion to reduce a sentence, a court must determine that the new sentence is consistent with § 3553(a), as well as applicable Sentencing Commission policy statements. Section 3553(a) requires courts to impose a sentence that is "sufficient, but not greater than necessary" to comply with the factors set forth in § 3553(a)(2), in particular the need for the sentence "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed . . . correctional treatment . . . ." In determining a sentence, the statute mandates a variety of considerations: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the aforementioned penological purposes; 3) the kinds of sentences available; 4) the kinds of sentence and the sentencing range established by the Guidelines; 5) any applicable Guidelines policy statement; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). Additionally, when contemplating a sentence reduction, courts may consider the danger posed by a reduction to individuals or the community and the defendant's post-sentencing conduct, U.S.S.G. 1B1.10 comment. n.1(B)(ii).

The government in arguing that public safety militates against a reduction stresses the defendant's misconduct while incarcerated. However, the government made the same argument when opposing the defendant's first motion for a sentence reduction filed in 2008. The Court after consideration of that misconduct, in conjunction with the rehabilitative steps taken by the defendant, determined that a sentence reduction would be consistent with Congress's and the

4

Sentencing Commission's directives. Since that time, the defendant has only incurred one additional disciplinary violation for engaging in sexual acts on June 7, 2009,[3] while he has continued to engage in various rehabilitative courses. Accordingly, the Court again determines that the defendant's offense and disciplinary infractions, while both serious, do not demonstrate that the defendant poses a danger to the community sufficient to warrant denial of the instant motion.

### III. CONCLUSION

It is hereby **ORDERED** that the defendant's letter be filed on the public record.

The defendant's motion to reduce sentence will be granted, and the defendant's previously imposed sentence of a term of imprisonment of 121 months will be reduced to 78 months, of which 60 months remain consecutive to the Superior Court sentence. All other provisions of the original judgment remain in effect.

A separate order shall issue this date.

**SO ORDERED** this /8th day of April 2012.

                                                  ROYCE C. LAMBERTH
                                                  Chief Judge
                                                  United States District Court

---

[3] Although the infraction predates the Court's January 22, 2010 order, the infraction was not brought to the Court's attention prior to its ruling.